IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN, #1263639 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv401 |
| DANNAL COX, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Esaw Lampkin, a former inmate within the Henderson County Jail proceeding *pro se* and seeking *in forma pauperis* status, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Amended Complaint**

This proceeding stems from Lampkin's initial lawsuit, 6:23cv108. In his amended complaint in this proceeding after severance, (Dkt. #8), Lampkin maintains that officials have violated his rights under the Fourth Amendment by failing to make proper arguments in a motion to suppress. He also contends that counsel was ineffective, and that Defendants violated his right to practice his religion. Lampkin further mentions an illegal seizure of evidence, trial preparation, and an illegal detention—seeking monetary damages.

**II. Discussion and Analysis**

Plaintiff Lampkin is no stranger to federal courts in Texas. Court records show that Lampkin has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for the failure to state a claim upon which relief can be granted—prior to his filing this lawsuit in

2023. *See Lampkin v. State of Tex. Bd. of Pardon and Paroles*, No. 2:17-185 (N.D. Tex. June 30, 2020); *Lampkin v. Jackson*, 6:16-1174 (E.D. Tex. Mar. 7, 2017); *Lampkin v. Winn*, No. 6:15-497 (E.D. Tex. Jul. 16, 2015); *Lampkin v. Caskey*, No. 04-41105 (5th Cir. Feb. 3, 2006). In fact, Lampkin was denied *in forma pauperis* status and informed of his status as a barred litigant under 28 U.S.C. § 1915(g) as early as December 2007. *See Lampkin v. Rawan*, 3:07-1789 (N.D. Tex. Dec. 28, 2007).

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, Lampkin has accumulated three strikes prior to filing this 2023 lawsuit and, thus, falls under the Act. Consequently, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Because Lampkin filed this proceeding while incarcerated, section 1915(g) applies.

To meet the imminent danger requirement of section 1915(g), the threat must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be

described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*….").

Crucially, the burden is on Lampkin to show that he is in imminent danger of serious physical injury **at the time** of the filing of his complaint through facts rather than conclusory allegations. *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019) (emphasis supplied).

Here, Lampkin's amended complaint fails to satisfy this standard. Complaints concerning a criminal proceeding, ineffective assistance of counsel, and religious exercise/freedom cannot be properly characterized as ones indicating imminent danger of serious physical injury that is a genuine emergency for which time is pressing. Moreover, Lampkin's submission of the filing fee in the original case prior to severance does not apply to this case. *See, e.g.*, *Bangmon v. Lance*, 2018 WL 496956, at *2 (S.D. Tex. Jan. 22, 2018) (collecting cases and severing unrelated claims to be dismissed unless prisoner-plaintiff agreed to pay two filing fees because "[a]n attempt to file multiple lawsuits in one complaint violates Federal Civil Procedure Rules 18 and 20.").

Because Plaintiff Lampkin has accumulated at least three-strikes prior to the filing of this lawsuit and has not demonstrated that he faces an imminent threat of serious physical injury, Lampkin's lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(g). However, Lampkin should be allowed a reasonable period of time in which to pay the full filing fee of $402.00 and proceed with his lawsuit should he chose to do so. He should note, however, that the payment of the filing fee would not affect frivolous analysis under 28 U.S.C. § 1915A.

## RECOMMENDATION

For reasons explained above, the Court recommends that Plaintiff Lampkin's motion for leave to proceed *in forma pauperis*, (Dkt. #7), be denied and that the above-styled lawsuit be

dismissed, with prejudice, for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). It is further recommended that if Plaintiff pays the full filing fee within fifteen (15) days of the date of the dismissal order, the lawsuit will proceed as though the full filing fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 5th day of October, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE